988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel T. MILLER, Husband, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-35503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CV-91-391-FVS, Fred L. Van Sickle, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel T. Miller appeals pro se the district court's dismissal of his appeal as untimely from a bankruptcy court's order. The bankruptcy court denied Miller's motion to amend its order dismissing his petition for relief under Chapter 11 of the Bankruptcy Code. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 A "notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment ... appealed from." Bankr.R. 8002(a); see Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990). The timely filing of a notice of a appeal to the district court is jurisdictional. Greene v. United States (In Re Souza), 795 F.2d 855, 857 (9th Cir.1986). A timely motion to amend or make additional findings of fact under Rule 7052(b), or to alter or amend the judgment or for a new trial under Rule 9023, tolls the time for appeal until entry of the order denying such motion. Bankr.R. 8002(b).
 
 
 4
 On June 24, 1991, Miller filed an amended plan of reorganization. On July 24, 1991, the bankruptcy court denied Miller's motion for confirmation of the amended plan and entered an order dismissing the case. On August 1, 1991, Miller filed a motion to amend the bankruptcy court's order of July 24, 1991 under Rules 7052(b), 9023 and 9024. On September 3, 1991, the bankruptcy court denied Miller's motion to amend. On September 13, 1991, Miller appealed the order denying his motion to amend to the district court.
 
 
 5
 On May 13, 1992, the district court affirmed the bankruptcy court's order denying Miller's motion to amend. On May 15, 1992, Miller filed a second notice of appeal to the district court challenging the bankruptcy court's July 24, 1991 order dismissing his bankruptcy case. On May 22, 1992, the district court dismissed Miller's notice of appeal as untimely.
 
 
 6
 Miller argues that his August 1, 1991 motion to amend the July 24, 1991 order tolled the time to file his notice of appeal until there was a final disposition by the district court on his motion to amend.
 
 
 7
 The time to appeal, however, was tolled only until September 3, 1991, when the bankruptcy court entered the order denying Miller's motion to amend. See Bankr.R. 8002(b); see also In Re Souza, 795 F.2d at 857.
 
 
 8
 Accordingly, Miller's May 15, 1992 second notice of appeal challenging the bankruptcy court's July 24, 1991 order was untimely, and the district court did not err by dismissing the appeal. See In Re Souza, 795 F.2d at 857.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3